**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**QOTD FILM INVESTMENT LTD.,**

    **Plaintiff,**

                        **CASE NO.:**

**v.**

**JOHN or JANE DOE subscriber
assigned IP Address 72.91.164.15,**

    **Defendant.**

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**(Injunctive Relief Sought)**

Plaintiff, QOTD Film Investment Ltd. ("QOTD"), sues Defendant John or Jane Doe ("Doe"), and alleges the following:

**PARTIES**

1.    Plaintiff is an entity organized under the laws of the United Kingdom with offices in Los Angeles, California, and is the owner of the copyright for the motion picture *Queen of the Desert* (the "Motion Picture").

2.    Plaintiff is an affiliate of Benaroya Pictures, a mainstream motion picture production company.

3.    Doe, whose true identity is unknown to Plaintiff at this time, is a resident of Manatee County, Florida.

**JURISDICTION AND VENUE**

4.    This is a suit for copyright infringement and contributory copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§

101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a). Doe's true identity is unknown at this time. However, Plaintiff has used geolocation technology to determine that, upon information and belief, Doe resides in this judicial district.

6. In addition, this Court has personal jurisdiction over Doe because Doe resides within this judicial district and committed acts of copyright infringement and contributory copyright infringement within this judicial district. Accordingly, Doe should anticipate being haled into court in this state and judicial district.

**GENERAL ALLEGATIONS**

7. Doe acted in a collective and interdependent manner via the Internet to unlawfully reproduce and distribute Plaintiff's copyrighted Motion Picture by means of interactive "peer-to-peer" ("P2P") file transfer technology protocol called BitTorrent.

8. P2P networks, at least in their most common form, are computer systems that enable Internet users to: 1) make files (including motion pictures) stored on each user's computer available for copying by other users or "peers"; 2) search for files stored on other users' computers; and 3) transfer exact copies of files from one computer to another via the Internet. The particular P2P protocol at issue in this suit is called "BitTorrent."

9. Doe participated in a BitTorrent "swarm" in which numerous persons engaged in mass copyright infringement of Plaintiff's Motion Picture. Doe illegally uploaded and shared Plaintiff's Motion Picture within the swarm.

10. Doe was a willing and knowing participant in the swarm at issue and engaged in such participation for the purpose of infringing Plaintiff's copyright.

11. Plaintiff's investigator verified Doe's participation in the swarm by downloading at least a portion of the Motion Picture from Doe.

12. Doe initiated his or her infringing conduct by first intentionally logging into the one of many BitTorrent client repositories known for their large index of copyrighted movies, television shows, and software. Doe then intentionally obtained the torrent file at issue in this suit, SHA1: 896B438F8D8F7C433F4B88A24322B8763A3E9885 ("Hash SHA1: 896B"), for Plaintiff's Motion Picture from the index and intentionally loaded that torrent file into a computer program designed to read such files.

13. The particular file a BitTorrent swarm is associated with has a unique "hash" (a file identifier generated by an algorithm developed and implemented by the National Security Agency). The hash file identified above provides access to an unauthorized copy of Plaintiff's copyrighted Motion Picture.

14. With the torrent file intentionally loaded by Doe, his or her BitTorrent program used the BitTorrent protocol to initiate simultaneous connections with hundreds of other users possessing and "sharing" copies of the digital media described in Hash SHA1: 896B, namely, Plaintiff's Motion Picture. The program then coordinated the copying of Plaintiff's Motion Picture to Doe's computer from other users, or peers, sharing the film. As the Motion Picture was copied to Doe's computer piece by piece, these downloaded pieces of Plaintiff's Motion Picture were then immediately available to all other peers from Doe's computer.

15. By performing these acts, Doe immediately became an uploader, meaning that Doe's downloaded pieces were immediately available to other users seeking to obtain the file, without degradation in sound or picture quality. It is in this way that Doe simultaneously illegally copied and distributed Plaintiff's Motion Picture.

16. This interactive, simultaneous data-sharing connection, referred to as a "swarm," leads to a rapid spreading of a file throughout peer users. As more peers join the swarm, the likelihood of a successful download increases. Because of the nature of a BitTorrent protocol, any user that has downloaded a piece prior to the time a subsequent user downloads the same file is automatically a source for the subsequent user so long as that prior user is online at the time the subsequent user downloads a file. Thus, after a successful download of a piece, the piece is made available to all other users.

17. Through this process, Doe's distribution of even a single unlawful copy of the Motion Picture can result in the nearly instantaneous worldwide distribution of that single copy to an unlimited number of people. In this case, Doe's copyright infringement built upon the prior infringements, resulting in a cascade of infringement.

18. In addition, because a BitTorrent swarm is a collective enterprise where each downloader is also an uploader, the group of uploaders collaborates to speed the completion of each download of the file.

19. Upon information and belief, Doe also acted in concert with other swarm members by linking together globally through use of a Distributed Hash Table. A Distributed Hash Table is a sort of worldwide telephone book, which uses each file's "info-hash" (a unique identifier for each torrent file) to locate sources for the requested data.

Thus, swarm members are able to access a partial list of swarm members rather than being filtered through a central computer called a tracker.  Allowing members of the swarm to rely on individual computers for information not only reduces the load on the central tracker, but also means that every person that is sharing this data is also helping to hold this worldwide network together.

20.     Doe's infringing activity described above allows him or her and others to unlawfully obtain and distribute unauthorized copies of Plaintiff's Motion Picture, for which a substantial amount of time, money, and effort was spent to produce, market, and distribute it.

21.     Despite Plaintiff's use of the best available investigative techniques, it is impossible for Plaintiff to identify Doe by name at this time.  Because the true name and capacity, whether individual, corporate, associate, or otherwise, of Doe is currently unknown to Plaintiff, it sues Doe by that fictitious name.

22.     Doe is known to Plaintiff by the Internet Protocol ("IP") address assigned to Doe by his or her Internet Service Provider ("ISP") on the date and at the time at which Doe's infringing activity was observed.  In addition, Plaintiff has learned that the ISP for Doe, the torrent file copied and distributed by Doe, and the approximate location of Doe at the time of download as determined by geolocation technology[1].  This information for Doe is attached to this Complaint as Exhibit A.

---

[1] Plaintiff is able to determine the city in which Defendant is located based upon publically available information.

23. Plaintiff believes that information obtained in discovery will lead to the identification of Doe's true name and permit Plaintiff to amend its Complaint to state the same. Specifically, Plaintiff intends to subpoena the ISP that issued Doe's IP address in order to learn the identity of the account holder for that IP address.

## THE COPYRIGHT

24. Plaintiff is, and at all relevant times has been, the copyright owner of exclusive rights under United States copyright law with respect to the Motion Picture.

25. The Motion Picture contains wholly original material that is copyrightable subject matter under the laws of the United States.

26. Plaintiff, QOTD, as the owner, holds the copyright registration on the Motion Picture, including Copyright Registration Number PAu 3-766-976 (the "'976 Copyright"). *See* Exhibit B, Certificate of Registration.

27. Under the Copyright Act, QOTD owns all right, title, and interest in the '976 Copyright, including the right to sue for past infringement.

28. Doe had notice of Plaintiff's copyright rights.

## DOE'S COPYRIGHT INFRINGEMENT

29. Plaintiff, through an investigator, recorded Doe actually publishing the Motion Picture via BitTorrent and Plaintiff's investigator downloaded the Motion Picture from Doe.

30. Plaintiff's Motion Picture is easily discernible as a professional work. The Motion Picture was created using well-known actors and actresses (including Nicole Kidman, James Franco, Robert Pattinson, and Damian Lewis), directors,

cinematographers, lighting technicians, set designers, and editors. The Motion Picture was created with professional-grade cameras, lighting, and editing equipment.

31. Doe, without authorization, copied and distributed the audiovisual Motion Picture owned by, and registered to, Plaintiff in violation of 17 U.S.C. §§ 106(1) and (3).

32. Doe owns or otherwise had control of a computer connected to the Internet via an IP address that contained – or possibly still contains – a torrent file identifying Plaintiff's copyrighted Motion Picture. Doe's computer also contained or still contains Plaintiff's copyrighted Motion Picture, which was downloaded using the information encoded in the torrent file.

33. Doe republished and duplicated Plaintiff's Motion Picture in an effort to deprive Plaintiff of its exclusive rights in the Motion Picture under the Copyright Act.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

34. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff is, and at all relevant times has been, the copyright owner of the Motion Picture infringed upon by Doe.

36. Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce the Motion Picture and to distribute the Motion Picture to the public.

37. Doe, without Plaintiff's permission or consent, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including hundreds of other BitTorrent users, and/or to make the Motion

7

Picture available for distribution to others. In doing so, Doe violated Plaintiff's exclusive rights of reproduction and distribution. The actions of Doe constitute infringement of Plaintiff's copyright and exclusive rights under copyright.

38. The IP address used by Doe is also associated with other file sharing activities relating to numerous copyright protected works of others, which activities occurred close in time to the infringement of Plaintiff's Motion Picture. Therefore, Doe appears to be a serial copyright infringer who has demonstrated a repeated and blatant disregard for the prohibitions against copyright infringement contained within the Copyright Act and the rights of copyright owners.

39. Doe's acts of infringement have been willful, intentional, and in disregard of, and with indifference to, the rights of Plaintiff.

40. As a result of Doe's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

41. The conduct of Doe is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Doe from further infringing Plaintiff's copyright and ordering that Doe destroy all copies of the copyrighted Motion Picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Doe as follows:

A. Preliminarily and permanently enjoining Doe from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Doe also shall destroy all copies of Plaintiff's Motion Picture that Doe has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Doe's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorneys' fees; and

E. Granting all such other and further relief as the Court deems proper.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

42. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 33 and 35 through 39 as if fully set forth herein.

43. Doe, without the permission or consent of Plaintiff, participated in a BitTorrent swarm directed at making the Motion Picture available for distribution to himself or herself as well as others, has used, and continues to use, BitTorrent software to download the Motion Picture, to distribute the Motion Picture to the public, including

hundreds of other BitTorrent users, and/or to make the Motion Picture available for distribution to others. In doing so, Doe violated Plaintiff's exclusive rights of reproduction and distribution.

44. By participating in the BitTorrent swarm with other persons, Doe induced, caused, or materially contributed to the infringement of Plaintiff's copyright and exclusive rights under copyright by other swarm members.

45. Doe's acts of contributory infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff.

46. As a result of Doe's contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to either actual or statutory damages pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

47. Doe's conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Doe from further contributing to the infringement of Plaintiff's copyright and ordering that Doe destroy all copies of the copyrighted motion picture made in violation of Plaintiff's exclusive rights to the copyright.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Doe as follows:

A. Preliminarily and permanently enjoining Doe from directly or indirectly infringing Plaintiff's rights in the copyrighted Motion Picture, including without limitation by using the Internet to reproduce or copy Plaintiff's

        Motion Picture, to distribute Plaintiff's Motion Picture, or to make Plaintiff's Motion Picture available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiff. Doe also shall destroy all copies of Plaintiff's Motion Picture that Doe has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the downloaded Motion Picture transferred onto any physical medium or device in Doe's possession, custody, or control;

B. Awarding to Plaintiff actual damages or statutory damages pursuant to 17 U.S.C. § 504, at election of the Plaintiff;

C. Awarding Plaintiff's costs;

D. Awarding Plaintiff's reasonable attorneys' fees; and

E. Granting all such other and further relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  March 16, 2016                           Respectfully submitted,

                                                 s/ Richard E. Fee
                                                 Richard E. Fee
                                                 Florida Bar No. 813680
                                                 Catherine F. Yant
                                                 Florida Bar No. 104852
                                                 IP ENFORCEMENT LAW GROUP P.A.
                                                 1227 N. Franklin Street
                                                 Tampa, Florida 33602
                                                 (813) 490-6050
                                                 (813) 490-6051 (Facsimile)
                                                 rfee@IPEnforcementLaw.com
                                                 cyant@IPEnforcementLaw.com

                                                 Trial Counsel for Plaintiff,
                                                 QOTD Film Investment Ltd.